HENRY CHESTER v. JOSEPH R. KING and others.

A mortgagor who has parted with all his interest in the mortgaged premises, is a *proper*, though not a *necessary* party to a bill for foreclosure.

THE complainant filed his bill for the foreclosure of a mortgage given by Joseph R. King, one of the defendants, to the complainant. The bill states, that after the execution of the mortgage, the mortgagor conveyed the mortgaged premises in fee to George Gaskill, who is also a defendant in the bill. To this bill the defendant demurred, assigning for cause of demurrer, that it appearing upon the face of the bill that the mortgagor had parted with all his interest in the mortgaged premises, he is not a proper party to the bill.

*H. W. Green*, in support of the demurrer.

A mortgagor who has assigned his interest in the equity of redemption, is not a necessary party to a bill to foreclose: *Vreeland* v. *Loubat*, *ante*, 104; 1 *Pow. on Mort.* 405, a. note 2. In case of the death of the mortgagor, on a bill for foreclosure, it is not necessary to make the executor or administrator, but the heir, a party. The complainant need only make him a party who has the equity: *Edwards on Parties*, 91, s. 41; *Hinde's Ch. Pr.* 9; *Knight* v. *Knight*, 3 *P. W.* 331, note a.; *Galton*

[Chester v. King et al.]

v. *Hancock*, 2 *Atk.* 435; *Cumberland* v. *Codrington*, 3 *John.* *Chan. R.* 252; *Howes* v. *Wadham*, *Rep. Temp. Hard.* 199.

A mere witness, against whom there can be no relief, ought not to be made a party: *Edwards on Parties*, 93, s. 44; *Fenton* v. *Hughes*, 7 *Vesey*, 287.

In New-York, when the equity of redemption is sold at sheriff's sale, on a bill filed to foreclose, the mortgagor must be made a party, because he has a year in which to redeem: *Hallock* v. *Smith*, 4 *John. Chan. R.* 650; *Edwards on Parties*, 96, s. 49.

The mortgagor or his heir is a necessary party to a bill to foreclose by the mortgagee, because he has an interest in the equity of redemption: 3 *Powell*, 963, *C.*

The executor of the mortgagor need not be a party. The bill being only to foreclose the equity, the plaintiff need only make him a party that has the equity, viz. the heir or devisee.: 3 *Powell*, 968-9, *note L.* and *note M; Duncomb* v. *Hansley*, 3 *P. W.* 333, n.

All the cases proceed on the ground that he alone should be made a party who has an interest in the equity of redemption, whether he be the mortgagor, or his heir or devisee, or a purchaser.

If the mortgagor having no interest in the mortgaged premises, is not a necessary party, he is not a proper party. He stands in the light of a stranger, and can with no more propriety be made a party than any third person.

If an improper party be made defendant, he may demur: *Fenton* v. *Hughes*, 7 *Vesey*, 287.

*Kinsey*, contra.

THE CHANCELLOR. The mortgagor who has parted with the equity of redemption is not a necessary party to a bill for foreclosure; but if the complainant thinks proper to make him a party, he has a right so to do, and the bill is not demurrable for that cause. He is a proper party, although not an indispensable one.

Demurrer overruled.